Appeal No. 21-11215

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

**Starbucks Corporation,**

*Defendant/Appellant,*

**v.**

**Raphyr Lubin,**

*Plaintiff/Appellee.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
CIVIL CASE NO. 8:20-CV-01311-CEH-TGW

---

## CORRECTED REPLY BRIEF OF APPELLANT,
## STARBUCKS CORPORATION

---

Sherril M. Colombo, Esq. (Florida Bar No. 948799)
Stefanie M. Mederos, Esq. (Florida Bar No. 12041)
LITTLER MENDELSON, P.C.
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500

*Counsel for Appellant*

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

In accordance with Fed. R. App. P. 26.1 and CTA11 Rule 26.1-1, the undersigned counsel for Defendant-Appellant, Starbucks Corporation, hereby certifies that the following is an alphabetical list of the trial judge, attorneys, persons, associations of persons, firms, partnerships and corporations with any known interest in the outcome of this appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held company that owns 10% of more of the party's stock, and other identifiable legal entities related to a party:

- Colombo, Sherril M., Counsel for Appellant;

- Hill, Brandon J., Counsel for Appellees;

- Honeywell, Charlene Edwards, Judge, U.S. District Court, Middle District of Florida;

- Justice, Chad A., Counsel for Appellee;

- Justice for Justice, LLC, Counsel for Appellee;

- Littler Mendelson, P.C., Counsel for Appellant;

- Lubin, Raphyr, Appellee;

- Mederos, Stefanie M., Counsel for Appellant; and

- Starbucks Corporation, Appellant.

## <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT ………………………….…….C-1

TABLE OF CONTENTS……………………………………………………………i

TABLE OF AUTHORITIES……………………………………………….…..ii

SUMMARY OF THE ARGUMENT...………………………………………1

ARGUMENT ………………………………………………………………..2

    I.  THE STRONG PRESUMPTION IN FAVOR OF ARBITRATION
    APPLIES TO THE ARBITRATION AGREEMENT  ……..……..……....2

    II.  THE ARBITRATOR MUST DECIDE ARBITRABILITY PURSUANT
    TO THE DELEGATION PROVISION……………..…………………....6

    III.  APPELLEE'S COBRA NOTICE CLAIM IS DERIVATIVE OF HIS
    WIFE'S IDENTICAL CLAIM …………..…………………..……..…….8

    IV. APPELLEE WAS A THIRD-PARTY BENEFICIARY OF HIS WIFE'S
    EMPLOYMENT BENEFIT ON WHICH HE BASES HIS CLAIM ……..11

    V. APPELLEE SHOULD BE ESTOPPED FROM AVOIDING THE
    ARBITRATION AGREEMENT ….………………………………………14

CONCLUSION ……………………………………………………………....15

CERTIFICATE OF COMPLIANCE …………………………………….…...…17

CERTIFICATE OF SERVICE …..…………………………………...………..18

i

## TABLE OF AUTHORITIES

**Cases**                                                              **Page(s)**

*Bell v. Cendant Corp.*,
293 F.3d 563 (2d Cir. 2002)……………………………………………………7

*Calderon v. Sixt Rent a Car, LLC,* 2021 U.S. App. LEXIS 20854,
29 Fla. L. Weekly Fed. C 45 (11th Cir. Fla. July 14, 2021)……………………3, 4

*Eckel v. Equitable Life Assur. Soc. of the U.S.*,
1 F. Supp. 2d 687 (E.D. Mich. 1998)…..……………………………………...9

*Epic Systems Corp. v. Lewis,*
138 S. Ct. 1612, 200 L. Ed. 2d 889 (2018)…..……………………………………...4

*Hearn v. Comcast Cable Communications, LLC,*
992 F.3d 1209 (11th Cir. 2021)…..……………………………...…5, 13, 14

*Ivax Corp. v. B. Braun of America, Inc.*,
286 F.3d 1309 (11th Cir. 2002)……..…………………………………………2

*KFC Nat. Management Co. v. Beauregard*,
739 So. 2d 630 (Fla. Dist. Ct. App. 1999)……..…………………………………6

*Kong v. Allied Pro. Ins. Co.*, 750 F.3d 1295
(11th Cir. 2014)...……………………………………………………...13

*Laizure v. Avante at Leesburg, Inc.*,
109 So. 3d 752 (Fla. 2013)...……………………………………………14, 15

*Lamps Plus, Inc. v. Varela*,
139 S. Ct. 1407, 203 L. Ed. 2d 636 (2019)……………………………………8, 9

*Lavigne v. Herbalife, Ltd.*,
967 F.3d 1110 (11th Cir. 2020)……..…………………………………………..14

*Mendez v. Hampton Ct. Nursing Ctr., LLC*, 203 So. 3d 146
(Fla. 2016)……………………………………...……………………………..11, 12

*Parm v. Nat'l Bank of California, N.A.*,
835 F.3d 1331 (11th Cir. 2016)…..………………………………………………...2

*Rolls-Royce PLC v. Royal Caribbean Cruises LTD.*,
960 So. 2d 768 (Fla. Dist. Ct. App. 2007)…..………………………………...12

*Slipchenko v. Brunel Energy, Inc*., No. H-11-1465,
2013 U.S. Dist. LEXIS 124159 (S.D. Tex. Aug. 30, 2013)……...……………….10

*Super Cars of Miami, LLC v. Webster*,
300 So. 3d 752 (Fla.App. 3 Dist. Mar. 11, 2020)………………………………..7

*Tuckman v. JPMorgan Chase Bank, N.A.*,
2021 U.S. App. LEXIS 22876, 2021 WL 3357953
(11th Cir. Fla. August 3, 2021)…..……………………………………………3, 4, 6

*Wilson v. Starbucks Corp.*, 385 F. Supp. 3d 557
(E.D. Ky. 2019)…..………………………………………………….……7

*Wright v. Hanna Steel Corp.*,
270 F.3d 1336, 1343 (11th Cir. 2001)…..………………………………………..10

**Statutes**

29 U.S.C.A. § 1132(c)(1) (West)……………………………………………….10

29 U.S.C.A. § 1163(2) (West)…………………….………………………...12

Consolidated Omnibus Budget Reconciliation Act of 1985..........................passim

Employee Retirement Income Security Act of 1974................................................4

Federal Arbitration Act………………………………………………….passim

## SUMMARY

The parties agree that the Federal Arbitration Act ("FAA") governs the Arbitration Agreement and that Appellee's wife must arbitrate her claim under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") because the Agreement covers all claims relating to her employment.[1] Yet, Appellee argues that his claim is not governed by the Agreement, even though his claim relates to his wife's employment.

The District Court's Order provides no basis for ignoring the provision in the Arbitration Agreement delegating the question of arbitrability to the arbitrator. Even if that question is not delegated, Appellee's claim against Starbucks is covered by the Arbitration Agreement, as it is related to his wife's employment. Appellee can only be entitled to COBRA notice and, thus, assert this case, based on his wife's employment with Starbucks and he seeks statutory damages only available to his wife. Appellee's claims are derivative of his wife's claims and should be compelled to arbitration under third-party beneficiary and estoppel theories. Appellee fails to distinguish any of the cases supporting compelling a third-party beneficiary to

---

[1] Defendant-Appellant Starbucks Corporation is referenced in this appeal as "Starbucks" or "Appellant." Plaintiff and Appellee Raphyr Lubin is referenced herein as "Appellee." While Starbucks named both Plaintiff and Appellee Lubin and Co-Plaintiff Ariel Torres ("Torres") as appellees, Appellee Lubin correctly notes in his opposition brief there is no dispute Torres must arbitrate her COBRA notice claim and thus he is not a party to this appeal.

arbitration. He also does not explain why he argues it is unnecessary to consider his wife's employment relationship with Starbucks as part of analyzing his COBRA claim when his ability to receive COBRA notice depends on that relationship.

Absent an Order reversing the District Court's ruling, beneficiaries of employer-provided health insurance policies could assert claims in federal court arising from the very COBRA notices while the employees indisputably can only assert those claims through individual arbitration. Appellee agrees that outcome does not make sense. Applying a *de novo* standard, the Court should reverse the District Court's decision denying Starbuck's Second Motion to Compel Arbitration.

## **ARGUMENT**

## I.    **THE STRONG PRESUMPTION IN FAVOR OF ARBITRATION APPLIES TO THE ARBITRATION AGREEMENT.**

The parties agree that the FAA generally governs the Starbucks Arbitration Agreement. *See* Appellee's Brief p. 26.[2]  *See also, e.g.*, *Parm v. Nat'l Bank of Cal., N.A.*, 835 F.3d 1331, 1334 (11th Cir. 2016).[3]  Appellee also agrees that the FAA "codifies a 'strong federal preference for arbitration of disputes.'" Appellee's Brief, at 26 (*citing Ivax Corp. v. B. Braun of Am., Inc*., 286 F.3d 1309, 1316 (11th Cir. 2002)). *See also, Tuckman v. JPMorgan Chase Bank, N.A*., No. 20-11242, _Fed.

---

[2] Starbucks uses the pagination provided by the Electronic Case Files system.

[3] The *Parm* Court affirmed the district court's order that found delegation clause and arbitration agreement valid, albeit impossible to enforce due to a forum selection clause requiring an untenable tribal forum for arbitration.

Appx._, 2021 U.S. App. LEXIS 22876, at *5 (11th Cir. Aug. 3, 2021) (recognizing "a strong presumption in favor of arbitration"). However, Appellee urges the Court to "reject[] entirely" Starbucks' argument that a strong policy of enforcing arbitration agreements applies to its Arbitration Agreement based on this Court's opinion in *Calderon v. Sixt Rent a Car, LLC*, _ F.4th _, 2021 U.S. App. LEXIS 20854 (11th Cir. 2021). Appellee's Brief at 28.

Unlike this case, *Calderon* involved an attempt by a third-party company (Sixt) to enforce an arbitration agreement entered into between an unrelated company (Orbitz) and that company's customer. 2021 U.S. App. LEXIS 20854, *1-2.[4] Here, a COBRA notice claim is asserted against Starbucks (the company that entered into the agreement) through a spouse to avoid the Arbitration Agreement which everyone agrees covers the COBRA notice claim as it relates to employment. *See,* Appellee's Brief p. 12; Appx. p. 75 (amended complaint limiting class to exclude employees who signed the Arbitration Agreement); Appx. p. 148

---

[4] The plaintiff in *Calderon* used Orbitz's online platform to book travel and clicked to accept an arbitration agreement with Orbitz. *Id*. Although the customer used the Orbitz platform to initiate renting a car from Sixt, he later signed a rental agreement with Sixt containing *no* arbitration provision. *Id*., at *3-4. The consumer had no claims against Orbitz, but a dispute arose between the consumer and Sixt regarding whether the consumer was responsible for damage to Sixt's rental car. *Id*., at *4. This Court found that the consumer's claims against Sixt were only "tangentially related" to the agreement between the consumer and Orbitz and was not an immediate, foreseeable result of the Terms of Use with Orbitz. *Id*., at *17-18. Therefore, the "pro-arbitration canon of construction d[id] not apply." *Id*. Unlike here, there also was no delegation provision at issue in *Calderon*.

(Arbitration Agreement defining covered claims).[5] Appellee's insistence that Appellee's COBRA notice claim has "nothing to do with" his wife's employment at Starbucks is fallible. *See* Appellee's Brief, at 29. Of course, it does. Appellee's claim is for a benefit received from his wife's employment with Starbucks. (App. p. 77 ¶13, p. 81 ¶¶39-42). Logic dictates that Appellee's COBRA notice claim is more than "tangentially related" to the Arbitration Agreement that broadly covers all claims relating to her employment. Unlike in *Calderon*, the dispute between Torres and Starbucks is an immediate, foreseeable result of the agreement with Starbucks because Torres could not have been entitled to the insurance benefits or COBRA notice absent the agreement with Starbucks.

Similarly, while this Court in *Tuckman* ultimately found the arbitration agreement unenforceable, the circumstances in *Tuckman* are distinguishable and enforcing Starbucks' Arbitration Agreement follows *Tuckman. Tuckman* involved an action brought by nonsignatories against nonsignatories. 2021 U.S. App. LEXIS 22876, at *2, 5. Starbucks is a signatory to the Arbitration Agreement, Appellee's claim relates to the employment of his wife, who also is a signatory, and it is clear the parties intended the arbitration agreement to cover all claims relating to Appellee's wife's employment, including claims for benefits paid in compensation

---

[5] Under well-established law, courts must defer to agreements to arbitrate employment disputes. *See Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018).

for that employment and related to the termination of employment. The Arbitration Agreement itself provides for the broadest possible coverage: "Covered Claims[] are those brought under any statute … relating to my employment, including those concerning any element of compensation, …or termination of employment." (Appx. p. 148).

This Court's reasoning in *Hearn v. Comcast Cable Communs., LLC*, 992 F.3d 1209 (11th Cir. 2021), should be applied here.  In *Hearn*, this Court reversed and remanded the district court order denying the defendant's motion to compel arbitration, and determined that the plaintiff's statutory claim "relate[d] to" the arbitration provision "because of: the FAA's liberal federal policy favoring arbitration agreements, … and the fact that … [defendant] could not have engaged in the allegedly tortious conduct—but for the pre-existing [arbitration] Agreement." Here, without Appellee's wife's employment at Starbucks and participation in Starbucks' benefit plan, Appellee could not assert a COBRA notice claim. (App. p. 77 ¶13, p. 81 ¶¶39-42).  Just as in *Hearn*, the FAA's liberal policy favoring arbitration coupled with the fact there could be no statutory claim without the underlying agreement (here, employment) which is subject to arbitration establishes that the claim relates to the agreement to arbitrate.

Appellee has not explained how the FAA's strong federal policy for arbitration can be reconciled with his proposal that spouses of employees can avoid

the employees' agreement to arbitrate employment disputes by pursuing litigation for identical claims and identical damages against their spouse's employer relating to that employment. Permitting employment claims to skirt arbitration agreements by asserting the claims through spouses would denigrate the "healthy regard for the federal policy favoring arbitration." *Tuckman*, 2021 U.S. App. LEXIS 22876, at *5. The FAA's codification of policy favoring arbitration applies to Starbucks' Arbitration Agreement.[6]

## II.    THE ARBITRATOR MUST DECIDE ARBITRABILITY PURSUANT TO THE DELEGATION PROVISION.

When a contract contains a delegation provision, the court retains jurisdiction only to review a challenge to that provision and may turn to the merits only if it concludes the provision is invalid or unenforceable. *Tuckman*, 2021 U.S. App. LEXIS 22876, at *6 n.5. Appellee argues the delegation provision in Starbucks' Arbitration Agreement is ambiguous because it contains contradictory language. Appellee's Brief pp. 43-47. Specifically, the Agreement specifically provides the Arbitrator and not a court has exclusive authority to resolve any dispute regarding arbitrability, but also states actions to compel arbitration are not covered claims. *Id.* (*See also*, App. p. 89, Ex. 2-E). The District Court did not discuss the delegation

---

[6] Florida law also embodies a strong presumption in favor of arbitration, including agreements to arbitrate employment disputes. *KFC Nat. Mgmt. Co. v. Beauregard,* 739 So. 2d 630, 631 (Fla. 5th DCA 1999) (enforcing agreement to arbitrate employment disputes).

provision in its order denying Starbucks' motion to compel Appellee to arbitrate. (*See* Appx. p. 236).

The delegation language explicitly and specifically delegates to the arbitrator exclusively questions of arbitrability. Although Appellee suggests the Court should ignore that language, Florida rules of contract construction provide contracts must be interpreted in a manner that does not render any provision of the contract meaningless. *Super Cars of Miami, LLC v. Webster*, 300 So. 3d 752 (Fla. 3d DCA 2020). The general language stating actions to compel arbitration are not "Covered Claims" means that no separate arbitration proceeding with separate procedures is required to determine arbitrability. The arbitrator decides any dispute about arbitrability and the employment dispute in a single arbitration proceeding. (Appx. p. 148). Such reasonable interpretation of the Agreement is favored by public policy, the FAA, and Florida law, and follows the parties' intent.

This Court is not bound by the law cited in Appellee's Brief at 43-46.[7] Here, Appellee's wife and Starbucks undisputedly intended to efficiently resolve disputes

---

[7] While the United States District Court for the Eastern District of Kentucky found ambiguous the delegation provision in Starbucks' arbitration agreement, the court applied Kentucky law and did not discuss the impact of the Arbitration Agreement's incorporation of the AAA rules, which appear after the language regarding covered claims. *See generally*, *Wilson v. Starbucks Corp.*, 385 F. Supp. 3d 557 (E.D. Ky. 2019). Likewise, the Second Circuit Court of Appeals in *Bell v. Cendant Corp.*, 293 F.3d 563, 566 (2d Cir. 2002) did not discuss whether the agreement incorporated the AAA rules and examined the question under Connecticut state law.

relating to her employment by creating an agreement to arbitrate such claims. The Agreement contains a delegation provision, so the matter should proceed to arbitration.

## III.    APPELLEE'S COBRA NOTICE CLAIM IS DERIVATIVE OF HIS WIFE'S IDENTICAL CLAIM.

The language in the Arbitration Agreement covering claims "under any statute…relating to my employment, including those concerning any element of compensation…or termination of employment" (Appx. p. 148) covers any COBRA notice claim asserted against Starbucks by its former employees, including Appellee's wife. *See* Appellee's Brief p. 12; (Appx. p. 75). Appellee does not dispute that. Yet, Appellee argues his claims based on the same employment, same qualifying event and same notice, "simply don't relate to compensation or benefits earned by his wife while working at Starbucks" and are not derivative of his wife's claims. Appellee's Brief p. 31. He does so even though he seeks statutory damages only available to his wife under COBRA.

Although Appellee urges this Court to apply *contra proferentem* to construe the Arbitration Agreement against Starbucks as the drafter of the agreement, that rule is not applicable. Appellee's Brief p. 32; *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1417 (2019). "Unlike contract rules that help to interpret the meaning of a term, and thereby uncover the intent of the parties, *contra proferentem* is by definition triggered only after a court determines that it cannot discern the intent of

8

the parties …*contra proferentem* seeks ends other than the intent of the parties."

*Lamps Plus*, 139 S. Ct. at 1417. Here, the parties to the Arbitration Agreement

intended to cover the exact same COBRA notice claim, whether or not it is asserted

by Appellee or his wife, as long as they relate to Appellee's wife's employment.

This Court should follow the "long line of cases holding that the FAA provides the

default rule for resolving certain ambiguities in arbitration agreements … that

ambiguities about the scope of an arbitration agreement must be resolved in favor of

arbitration." *Id.*, 139 S. Ct. at 1418–19 (under the FAA "we d[o] not seek to resolve

the ambiguity by asking who drafted the agreement").

It was not necessary for the *Eckel* court to apply *any* contract law to determine

that the spouse's claim was derivative of the employee's claims. That determination

was informed by the situation, where the non-employee spouse's claim was identical

to the employee spouse's claim. *See Eckel v. Equitable Life Assur. Soc. of the U.S.*,

1 F. Supp. 2d 687, 688 (E.D. Mich. 1998). *Eckel* recognized, as Starbucks argued,

that "the non-employee spouse was only a party to the COBRA notice action as a

beneficiary/dependent on her spouse's employee health insurance." *Id*. at 687–88.

Appellee admits that "it made no sense for the court in *Eckel* to split the two

spouse's claims into separate forums, particularly when one spouse had already

commenced arbitration." Appellee's Brief p. 39. Yet, that is the exact result that

Appellee urges this Court to permit. The mere fact that Lubin's wife is not currently

pursuing a claim against Starbucks does not preclude the possibility that countless other spouses could end up simultaneously pursuing COBRA claims arising from the very same COBRA notice in different forums.

Appellee also seeks damages only available to his wife. This Court held in *Wright* the phrase, "[f]or purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant . . ." which omits "or beneficiary" in § 1132(c)(1), restricts to a plan participant a claim for statutory damages based on alleged deficiencies in the notice. *Wright v. Hanna Steel Corp*., 270 F.3d 1336, 1343 (11th Cir. 2001). *See* Appellee's Brief pp. 41-42. Contrary to Appellee's assertion that *Wright* is no longer good law following the 2004 regulations, the key language in COBRA has not changed, *see* 29 U.S.C. § 1132(c)(1), and courts have continued to rely on the holding in *Wright*. *See, e.g., Slipchenko v. Brunel Energy, Inc*., No. H-11-1465, 2013 U.S. Dist. LEXIS 124159, at *38 n.11 (S.D. Tex. Aug. 30, 2013). Appellee did not cite a single case stating otherwise.[8] Nor did Appellee explain why he argues a derivative theory is separate from third-party beneficiary and estoppel theories despite the fact that Florida cases analyze derivative claims under those theories. *See* Appellee's Brief pp. 38-39.

---

[8] Appellee incorrectly argues that Starbucks improperly raises for the first time arguments disputing Lubin's entitlement to collect statutory damages but Starbucks has asserted from the outset that Lubin's claims are derivative of his wife's claim, and this is just one example.

10

## IV.    APPELLEE WAS A THIRD-PARTY BENEFICIARY OF HIS WIFE'S EMPLOYMENT BENEFIT ON WHICH HE BASES HIS CLAIM.

Appellee offers no substantive opposition to Starbucks' showing that a signatory may compel to arbitration a non-signatory under a third-party beneficiary theory. *See generally*, Appellee's Brief pp. 36-37. *Compare id. with* Appellant's Opening Brief pp. 33-36 (decisions of this Court and Florida courts have explicitly held non-signatories may be compelled to arbitrate under both estoppel and third-party beneficiary theories). Instead, Appellee focuses on his position the third-party beneficiary doctrine cannot apply because his COBRA notice claims "are not claims to enforce the agreement between his wife and Starbucks" which the District Court erroneously accepted as supported by the holding in *Mendez v. Hampton Ct. Nursing Ctr., LLC*, 203 So. 3d 146, 148 (Fla. 2016). Appellee Brief p. 37. (*See also* App. pp. 22-23, 36-37).

As Starbucks explained in its Supplemental Brief submitted to the District Court (Appx. p. 221), and its Opening Brief to this Court, pp. 28-29, 43-45, the District Court erred in accepting Appellee's interpretation of *Mendez*. The *Mendez* court did not say that nonsignatories cannot be bound to arbitrate in cases like this, where the Arbitration Agreement covers all claims relating to employment and the action involves an employment dispute. The *Mendez* holding was limited, noting that under the facts the negligence claim asserted by a nursing home resident was not derivative of the resident's son's contract providing for arbitration. 203 So. 3d

11

at 149.

Appellee also cites *Ray* and *Rolls-Royce PLC v. Royal Caribbean Cruises LTD*, 960 So. 2d 768 (Fla. 3d DCA 2007) as cases allegedly "tracking" *Mendez*. *See* Appellee's Brief p. 37. Starbucks already distinguished *Ray* (*see* Appellant's Opening Brief p. 38) and *Rolls-Royce* also is distinguishable.[9] While "[r]esolution of the claims asserted against Rolls-Royce d[id] not require reference to or construction of the shipbuilding agreements," here, resolution of Appellee's claim that he was a qualified beneficiary of Starbucks' plan and suffered a qualifying event in his wife's termination of employment *does* "require reference to or construction of" the employment relationship between his wife and Starbucks. *Id.*, at 771.[10]

A fault in Appellee's reasoning is that "an arbitration agreement can reach beyond the matters addressed in the underlying contract," meaning that the Starbucks' Arbitration Agreement can extend to claims relating to employment.

---

[9] *Rolls Royce* involved an arbitration agreement between Royal and third parties relating to the third parties' construction of ships for Royal. *Id.*, at 769-70. Royal also orally contracted with Rolls-Royce to use their engine systems, and after problems arose with the systems, Royal sued Rolls-Royce for breach of warranty, fraud, and deceptive practices. *Id.* The court found these claims against Rolls-Royce did not relate to or arise out of the agreement between Royal and the third-party ship builders to build ships.

[10] Reference to the employee's employment relationship is relevant to the evaluation of the claim because the right to COBRA notice is dependent on the employment relationship. For example, COBRA notice is not required to a participant or the participant's beneficiaries when the participant was terminated for gross misconduct because that termination does not constitute a "qualifying event." 29 U.S.C. § 1163(2).

*Hearn v. Comcast Cable Commc'ns, LLC*, 992 F.3d 1209, 1213 (11th Cir. 2021). The parties agree the Arbitration Agreement reaches beyond the Agreement itself, and covers all claims relating to Appellee's wife's employment including the COBRA notice claim – so long as they are asserted by his wife. By agreeing to that, Appellee acknowledges that his wife's COBRA claims relate to her employment under the Arbitration Agreement.[11] The dispute is only whether that agreement extends to Appellee if he asserts the same claims and, thus, whether his claims also relate to her employment. It is undeniable that Appellee was a beneficiary of his wife's employment. He emphasizes that he asserts his claims ***as a "beneficiary***." Appellee's Brief p. 42 (emphasis in original). Appellee is a third-party beneficiary of his wife's employment with Starbucks, he brings this action against Starbucks as a "***beneficiary***" of that employment, and thus he should not be permitted to avoid the arbitration requirement for his claims relating to that employment. *Kong v. Allied Pro. Ins. Co.*, 750 F.3d 1295, 1299 (11th Cir. 2014) (affirming order compelling nonsignatory to arbitrate).

## V.    APPELLEE SHOULD BE ESTOPPED FROM AVOIDING THE ARBITRATION AGREEMENT.

Appellee argues that an estoppel theory cannot be used to compel his claim to

---

[11] Appellee's agreement also contradicts his argument that his claims have nothing to do with his employment because he was not sent "the deficient COBRA notice giving rise to his claim in this case until ***after*** her employment ended." Appellee's Brief p. 31 (emphasis in original).

arbitration because Appellee "is not suing Starbucks based on any agreement, much less his wife's agreement with Starbucks." Appellee's Brief p. 33. The District Court erred when it adopted Appellee's reasoning. It is not necessary that the dispute depend immediately on the contractual document containing the arbitration requirement. *Hearn*, 992 F.3d at 1213–14. Instead, "there must [only] be some direct relationship between the dispute and the performance of duties specified by the contract in order to find that the dispute arises out of, relates to, or is connected to the underlying agreement." *Id.* (citation omitted). In *Hearn*, this Court rejected arguments similar to those made by Appellee here and found that an arbitration requirement applied to claims relating to a contract containing the arbitration provision, and that the arbitration requirement survived the termination of the contract. *Id.,* at 1211. The *Hearn* court's recognition of the potential breadth of an arbitration requirement to claims outside the contract is consistent with Florida cases holding nonsignatories may not avoid arbitration requirements that extend beyond claims to enforce the contract containing the arbitration provision. *Laizure v. Avante at Leesburg, Inc*., 109 So. 3d 752, 762 (Fla. 2013).[12]

---

[12] Appellee erroneously relies on *Lavigne v. Herbalife, Ltd*., 967 F.3d 1110, 1118 (11th Cir. 2020), which applied California law that "one must be a party to an arbitration agreement to be bound by or invoke it." *Id.* No such rule exists under Florida law. Florida law holds that nonsignatory plaintiffs may be bound to arbitrate claims that are derivative of the signatory's claim. *Laizure*, 109 So. 3d at 762. *See also* Appellant's Opening Brief pp. 48-49.

Here, Appellee seeks to have it both ways. He seeks to invoke benefits arising from his wife's employment relationship with Starbucks and statutory damages only available to his wife while simultaneously seeking to avoid the consequences of the Arbitration Agreement governing his wife's employment relationship with Starbucks. The equitable principles of estoppel should compel him to accept the arbitration requirement that covers claims relating to his wife's employment.

## CONCLUSION

For the foregoing reasons and for those stated in its Opening Brief, Starbucks respectfully requests that the Court reverse the District Court's denial of its Second Motion to Compel Arbitration as to Appellee's claims, grant its Second Motion to Compel Arbitration in its entirety, and remand the case to the District Court with instructions to refer the individual claims to arbitration and dismiss the class claims.[13]

---

[13] Appellee's claim that Starbucks has not previously requested dismissal of the class claims (Appellee's Brief p. 47 n. 8) is false. (*See* Appx. pp. 89, 216). In any event, the District Court held that a claim subject to the Arbitration Agreement must be decided on an individual basis when it ordered that Torres submit his claims (not those of a class) to arbitration "in accordance with their agreement" (*see* Appx. p. 276) and, if this Court upholds the portion of the Order denying arbitration of Lubin's claims, the decision whether Lubin's claim can proceed as a class is a matter that would be resolved other bases.

DATED this 8th day of September 2021.

Respectfully submitted,

By: */s/ Stefanie M. Mederos*

Sherril M. Colombo, Esq.
Florida Bar No. 948799
Email:  *SColombo@littler.com*
Stefanie M. Mederos, Esq.
Florida Bar No. 12041
Email:  *SMederos@littler.com*
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL  33131
Telephone:305.400.7500
Facsimile: 305.603.2552

*ATTORNEYS FOR APPELLANT*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B), because this brief contains 4,603 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).  This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in 14-point proportionally spaced Times New Roman typeface.

Dated this 8th day of September 2021.

By:  /s/ *Stefanie M. Mederos*
        Stefanie M. Mederos, Esq.

17

## **<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on this 8th day of September 2021, I electronically filed the foregoing corrected document via the Eleventh Circuit Court ECF system. The initial version of the Reply brief was timely filed on September 2, 2021. I also certify that the foregoing document is being served on all counsel of record or pro se identified on the attached Service List via transmission of notices of Electronic Filing generated by the Eleventh Circuit Court ECF system or in some other authorized manner.

By:  /s/ *Stefanie M. Mederos*
       Stefanie M. Mederos, Esq.

## SERVICE LIST

**ATTORNEY FOR APPELLEES**

Alejandro F. Garcia, Esq.
Brandon J. Hill, Esq.
Florida Bar No. 37061
Email: *bhill@wfclaw.com*
Email: *aheystek@wfclaw.com*
WENZEL FENTON CABASSA, P.A.
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712

and

Chad A. Justice
Florida Bar No. 121559
E-mail: *chad@getjusticeforjustice.com*
JUSTICE FOR JUSTICE, LLC
1205 N Franklin St., Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770

**ATTORNEYS FOR APPELLANT**

Sherril M. Colombo, Esq.
Florida Bar No. 948799
E-Mail: *scolombo@littler.com*
Stefanie M. Mederos, Esq.
Florida Bar No. 12041
E-mail: *smederos@littler.com*
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552